IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:18-cv-00667-JAG |
| v. | ) ) ) | C O M P L A I N T |
| NAKI CORPORATION, dba Daisy Dukes & Boots Saloon, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Michelle Henard ("Henard") and other similarly situated female employees, who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant NAKI Corporation dba Daisy Dukes & Boots Saloon ("Defendant") subjected Henard and a class of similarly situated female employees ("class members") to a sexually hostile work environment on the basis of their sex, female, and constructively discharged Henard and other class members. The Commission further alleges that Defendant subjected Henard to retaliation because of her complaints about the sexual harassment by reducing her work hours which resulted in her forced resignation/constructive discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant has continuously been an employer doing business in the State of Virginia and the County of Chesterfield, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Henard filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On July 17, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the

Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 12, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

*Michelle Henard* –   sexual harassment; constructive discharge based on sex;
                      *retaliation - reduction of hours; retaliation - constructive discharge*

12. From at least December 2016 through at least June 2017, Defendant engaged in unlawful employment practices at its restaurant and bar located in Chesterfield, Virginia (the "Chesterfield Restaurant"), in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a)(1) and 2000e-3(a). Specifically, Defendant subjected Michelle Henard to a sexually hostile work environment on the basis of her sex, female; forced Henard to resign as a result of the sexual harassment; and retaliated against Henard for engaging in a protected activity by reducing her work hours. In addition or in the alternative, Henard was forced to resign because her work hours were reduced.

13. Defendant hired Henard as a bartender/server in or around November 2016. At all relevant times, Henard was assigned to work at the Chesterfield Restaurant.

14. Beginning in December 2016, a male Assistant Manager who also worked as a bartender for Defendant at the Chesterfield Restaurant, engaged in sexual conduct toward Henard, including sexual comments and physical touching. The sexual conduct occurred one or more times each day Henard worked with the Assistant Manager, which was between three to four times per week. The sexual conduct included, by way of example, the Assistant Manager slapping Henard's buttocks, rubbing his pelvis against Henard's buttocks, and making comments about Henard's buttocks. The Assistant Manager also propositioned Henard for sex and asked her for oral sex.

15. On or about June 5, 2017, Henard complained to Defendant's owner about the Assistant Manager's sexual conduct, including that the Assistant Manager had been making sexual advances toward her.

16. Also on or about June 5, 2017, Henard complained to Defendant's General Manager about the Assistant Manager's sexual conduct.

17. After Henard complained to Defendant's General Manager, the General Manager did not schedule Henard to work the same shift as the Assistant Manager.

18. On or about June 6, 2017, the Assistant Manager cornered Henard in the bar area of the Chesterfield Restaurant during her shift (day shift) and confronted her about the sexual harassment complaints she made to Defendant's owner and General Manager.

19. Henard felt threatened by the Assistant Manager's behavior during the confrontation.

20. Henard locked herself in the restroom of the Chesterfield Restaurant, and called Defendant's General Manager for assistance.

21. Although the Assistant Manager was not on duty during Henard's day shift on June 6, 2017, he remained in the parking lot of the Chesterfield Restaurant at least until Henard's shift ended.

22. Defendant's General Manager walked Henard to her car at the end of her shift so she could avoid the Assistant Manager.

23. On or about June 16 and 17, 2017, Henard and the Assistant Manager worked the same shifts at the Chesterfield Restaurant. During each shift, the Assistant Manager reassigned Henard from working as a bartender to working as a server in a back area of the restaurant. Henard earned fewer tips working in the back area of the restaurant than she earned as a bartender.

24. On or about June 18, 2017, Henard expressed her concerns about working with the Assistant Manager to Defendant's owner.

25. In response to Henard's expressed concern, Defendant's owner told Henard that if she did not want to work with the Assistant Manager, she would be removed from four of the six shifts that she had previously been assigned to work.

26. The shifts Defendant removed Henard from included the Friday and Saturday evening shifts, during which Henard earned more tip money than she earned during weekday shifts.

27. Defendant reduced Henard's assigned work hours and removed her from the Friday and Saturday evening shifts because of her complaints that she was being sexually harassed by the Assistant Manager.

28. On June 19, 2017, Henard was forced to resign from her employment with Defendant because of the sexual harassment.

29. In addition or in the alternative, on June 19, 2017, Henard was forced to resign from her employment with Defendant because she was not receiving sufficient hours of work and/or was not being scheduled to work on weekends, both of which significantly reduced her pay.

30. Defendant subjected to Henard to a sexually hostile work environment based on her sex, female; forced her to resign because of the harassment; retaliated against her by reducing her work hours; and in addition or in the alternative, forced her to resign because of the reduced work hours.

*Bridget Todd (nee Headley)* – *sexual harassment; constructive discharge*

31. From at least December 2016 through at least February 2017, Defendant engaged in unlawful employment practices at the Chesterfield Restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1).  Specifically, Defendant subjected Bridget Todd (nee Headley) ("Todd") to a sexually hostile work environment on the basis of sex, female, and forced her to resign as result of the sexual harassment.

32. Defendant hired Todd as a server in or around December 2016.  At all relevant times, Todd was assigned to work at the Chesterfield Restaurant.

33. From around December 2016 and through February 2017, the Assistant Manager engaged in sexual conduct toward Todd, which included sexual comments and physical touching.  The sexual conduct occurred one or more times each day Todd worked with the Assistant Manager, which was between three to four times per week.  The harassment included, among other things, the Assistant Manager slapping or grabbing Todd's buttocks, grabbing Todd's hips and moving her body around, putting his arm around her shoulders and rubbing his

pelvis against Todd's buttocks. In addition, the Assistant Manager made comments about Todd's buttocks two to three times per week, and made sexual advances toward Todd.

34. Todd rejected the sexual conduct and advances of the Assistant Manager.

35. After Todd rejected the sexual advances of the Assistant Manager, he began to assign Todd to work in areas of the restaurant that had lighter customer traffic, which negatively impacted Todd's earnings as she could not earn as much tip money.

36. In or around January 2017, Todd complained to Defendant's owner and to the General Manager about the Assistant Manager's sexual conduct.

37. Todd also complained to Defendant's owner and to the General Manager that after she rejected the Assistant Manager's sexual advances, he began assigning her to work in less desirable sections of the restaurant which had less customer traffic.

38. The Assistant Manager continued to engage in sexual conduct toward Todd after she complained to Defendant.

39. In February 2017, Todd was forced to resign her employment with Defendant because of the sexual harassment.

*Joan 'Susie' Min - sexual harassment; constructive discharge*

40. From early January 2017 through in or about February 2017, Defendant engaged in unlawful employment practices at the Chesterfield Restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1). Specifically, Defendant subjected Joan 'Susie' Min to a sexually hostile work environment on the basis of sex, female, and forced her to resign as result of the sexual harassment.

41. Defendant hired Min as a bartender in or around January 2016. At all relevant times, Min was assigned to work at the Chesterfield Restaurant.

42. Min engaged in a consensual relationship with the Assistant Manager that ended in or around December 2016.

43. From early January 2017 through February 2017, the Assistant Manager subjected Min to aggressive and hostile sexual conduct one or more times each day Min worked with him, which was between three to four times per week.  The sexual conduct included, among other things, cornering Min when she was away from other co-workers and grabbing her hips, saying things such as, "don't you miss me."  The Assistant Manager looked down Min's shirt.  The Assistant Manager told Min that he would "like to tap that," while staring at other female employees. Min inferred the Assistant Manager meant that he wanted to have sex with the female employee.

44. On at least one occasion, the Assistant Manager threatened violence against Min.

45. In early January 2017, Min informed the Assistant Manager that his sexual conduct was unwelcome, but the harassment continued.

46. In February 2017, Min told Defendant's owner that she could not work with the Assistant Manager because she was afraid of his sexual intimidation and conduct.

47. Defendant's owner responded to Min's complaint by telling Min to ignore the Assistant Manager's behavior.

48. Min was forced to resign her employment with Defendant in February 2017 because of the sexual harassment.

*Other Similarly Situated Female Employees*

49. On information and belief, Defendant has maintained a sexually hostile work environment for its female employees at the Chesterfield Restaurant throughout the duration of the Assistant Manager's employment with Defendant, in violation of Section 703(a)(1) of Title

VII, 42 U.S.C. 2000e-2(a)(1).  Specifically, Defendant subjected other similarly situated female employees to unwelcome, severe or pervasive sexual conduct, including sexual comments and/or touching by the Assistant Manager, on the basis of their sex.  Some of the female employees were forced to resign as result of the sexual harassment.

50. The effect of the practices complained of above has been to deprive Henard, Todd, Min, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees based on their sex, female.

51. The effect of the practices complained of above has been to deprive Henard of equal employment opportunities and otherwise adversely affect their status as an employee because she engaged in protected activity.

52. The unlawful employment practices complained of throughout this complaint were intentional.

53. The unlawful employment practices complained of throughout this complaint were done with malice or with reckless indifference to the federally protected rights of Henard, Todd, Min, and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile environment and all other employment practices that discriminate based on sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against any employee who has in any way opposed harassment made unlawful by Title VII.

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant to make whole Henard, Todd, Min and other similarly situated female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.     Order Defendant to make whole Henard, Todd, Min, and other similarly situated females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

F.     Order Defendant to make whole Henard, Todd, Min and other similarly situated females, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

G.     Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of October, 2018.

                                        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                        JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office

KARA GIBBON HADEN (VSB #39682)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 954-6469
Fax: (704) 954-6412
Email: Kara.Haden@eeoc.gov

/s/ *Suzanne Nyfeler*
SUZANNE NYFELER (VSB #40450)
Senior Trial Attorney
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Phone: (804) 771-2215
Fax: (804) 771-2222
Email: Suzanne.Nyfeler@eeoc.gov